## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RAYNARD BROWN,** | **Civil Action No. 15-5669 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **NEW JERSEY STATE PRISON, et al.,** | |
| **Respondents.** | |

**WIGENTON,** District Judge:

Presently before the Court is the amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 of Petitioner, Raynard Brown, challenging his state court conviction. (ECF No. 4). This Court is required to preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the following reasons, the amended petition will be dismissed as time barred and no certificate of appealability shall issue.

## I. BACKGROUND

On January 3, 2008, Petitioner, Raynard Brown, pled guilty to first degree murder, second degree possession of a weapon for an unlawful purpose, and third degree unlawful possession of a weapon. (ECF No. 4 at 2). Petitioner was thereafter sentenced on February 21, 2008, to forty years' imprisonment with an eighty-five percent parole disqualifier. (*Id.*). Petitioner did not file a direct appeal. (*Id.* at 3). Petitioner asserts that he was never told, either by counsel

or the trial court, that he was entitled to an appeal, and thus did not know that he could appeal his sentence.  (ECF No. 2 at 6-8).

On February 23, 2012, Petitioner filed an application for post-conviction relief (PCR) in the Superior Court of New Jersey, Law Division.  (*Id.* at 4).  Petitioner's PCR application was denied, and he appealed.  (*Id.* at 7).  The Appellate Division affirmed the denial of Petitioner's PCR application on June 24, 2014.  (*Id.*).  Petitioner petitioned the New Jersey Supreme Court for certification on his PCR, but certification was denied on December 2, 2014.  (*Id.* at 9).

Petitioner filed his initial habeas petition with this Court on or about July 17, 2015.  (ECF No. 1).  This Court administratively terminated Petitioner's habeas case on July 23, 2015, and Petitioner thereafter filed an amended petition on August 14, 2015.  (ECF No. 4).  On August 24, 2015, this Court entered an order directing Petitioner, within thirty days, to show cause why his petition should not be dismissed as time barred under AEDPA's one year statute of limitations.  (ECF No. 5).  Petitioner filed a response to that order on September 21, 2015.  (ECF No. 6).

## II.  DISCUSSION

### A.  Legal Standard

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state court.  *See Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013); *see also Parker v. Matthews*, --- U.S. ---, ---,132 S. Ct. 2148, 2151 (2012).  Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the

determinations of the state trial and appellate courts.  *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).  Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).  This Court is required to preliminarily review all habeas petitions pursuant to Rule 4 of the Rules Governing Section 2254 Cases and determine whether they "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Under the Rule, this Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## B.  Analysis

Petitions brought pursuant to 28 U.S.C. § 2254 are subject to AEDPA's one year statute of limitations.  *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013).  Ordinarily, the statute of limitations runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.*  Under the New Jersey Court Rules, a criminal defendant has forty-five days within which to file a notice of appeal of his conviction.  *See* N.J. Court Rule 2:4-1(a).  Here, Plaintiff was sentenced on February 21, 2008, and did not file a direct appeal.  His conviction therefore became final on April 6, 2008, and the one year statute of limitations had run by April 6, 2009.

The AEDPA limitations period, however, is susceptible to two forms of tolling: statutory and equitable.  Statutory tolling tolls the running of the period while a properly filed PCR petition is pending before the state courts.  *See, e.g., Figueroa v. Buechele*, No. 15-1200, 2015 WL 1403829, at *2 (D.N.J. Mar. 25, 2015).  Because Petitioner did not file his PCR petition until February 2012, some three years after the AEDPA statute of limitations had run, however, statutory tolling would provide Petitioner no benefit unless he can show that he is entitled to equitable tolling of the period between the date on which his conviction became final and the date on which he filed his PCR application.

Equitable tolling "is a remedy which should be invoked 'only sparingly.'"  *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)).  To receive the benefit of equitable tolling, a petitioner must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence."  *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)).  In non-capital cases such as this one, an attorney's "malfeasance or non-feasance is typically not an extraordinary circumstance which justifies equitable tolling of a [habeas petition]."  *Bass*, 268 F. App'x at 199; *see also Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004).  The exception to this rule applies only in the limited number of cases where an attorney makes an affirmative misrepresentation to the petitioner, and that misrepresentation is accompanied by extreme diligence by the petitioner.  *See Schlueter*, 384 F.3d at 76; *see also Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239-42 (3d Cir. 1999).

Petitioner presents two arguments in support of his claim that he is entitled to equitable tolling.  First, he argues that the time for filing a direct appeal under the circumstances is actually

considerably longer than forty-five days, and second he argues that the time should be tolled because he was unaware of his appellate rights.  In making his first argument, Petitioner relies on the New Jersey Supreme Court's ruling in *State v. Molina*, 187 N.J. 531, 902 A.2d 200 (2006).  In *Molina*, the New Jersey Supreme Court held that, where a criminal defendant has not been informed regarding his right to appeal, the Appellate Division is permitted to relax the time constraints placed on the filing of a notice of appeal and permit a criminal defendant to file an out of time appeal within five years of the date of his conviction.  187 N.J. at 542.   In so holding, however, the New Jersey Supreme Court did not change the rules regarding the forty-five day period in which a criminal defendant may file his notice of appeal, but instead laid out the circumstances under which the Appellate Division would be permitted to relax those rules equitably.  *Id.*  The New Jersey Court thus did not extend the time during which a criminal defendant could file a *timely* appeal, but rather provided guidance as to when the New Jersey courts should permit an *out of time* appeal to proceed *nunc pro tunc*.

Petitioner's argument is therefore based on a false premise: that the time within which to file a notice of appeal is automatically extended where a criminal defendant is not informed of his appellate rights.  That Petitioner, assuming his assertion that he was never told of his rights is accurate, possibly would have received the ability to file a direct appeal as within time had he filed an out of time appeal and sought such relief is of no moment to a determination as to when a Petitioner's conviction becomes final and when his statute of limitations begins to run under AEDPA as the time for filing a *timely* appeal remains forty-five days.  As the New Jersey Supreme Court made clear in *Molina*, the right to an as within time *nunc pro tunc* appeal only applies where a Petitioner was not informed of his right to appeal *and* he files his appeal within five years of the date of his sentencing.  187 N.J. at 542.  Petitioner did not file an appeal, nor did he seek the ability

5

to file an out of time direct appeal.  Thus, *Molina* provides no support for his contention that his petition is timely.  Under AEDPA, his conviction became final when the time for filing a *timely* appeal had run: forty-five days from the date of his sentence, or on April 6, 2008.  *See Ross*, 712 F.3d at 798; *Figueroa*, 2015 WL 1403829 at *2.  Thus, Petitioner's first argument has no bearing on the timeliness of his current petition.

Petitioner's second argument underlies his first: Petitioner argues that he was never informed of his appellate rights by counsel, and thus did not know he could file an appeal until several years later when he had the opportunity to discuss the matter with other prisoners.  Attorney error, however, is generally not sufficient to establish extraordinary circumstances save in grave cases, such as those involving actual deception on the part of the attorney or other serious misconduct.  *Schlueter*, 384 F.3d at 76-78; *see also Ross*, 712 F.3d at 800.  Petitioner presents no basis for a finding of such grave error on the part of his attorney, as he argues only that his attorney neither filed an appeal nor told him he could do so, and that his PCR attorney did not argue Petitioner's pro se points to Petitioner's satisfaction before the PCR court.  Neither error, if error there was, would be sufficient to function as extraordinary circumstances warranting equitable tolling.  *Schlueter*, 384 F.3d at 76-78; *see also Ross*, 712 F.3d at 800.

Petitioner's remaining argument is that his lack of knowledge of his ability to seek relief from his sentence warrants equitable tolling.  Petitioner's claim, however, is unavailing, as he is essentially arguing that his is a case of excusable neglect, which is insufficient to warrant tolling.  *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003).  Even if Petitioner's alleged ignorance, combined with the strictures of his early prison life with limited access to outside help, were sufficient to establish extraordinary circumstances, which this Court does not find, he has failed to show that he exhibited reasonable diligence.  Petitioner points only to a single letter he sent to

counsel asking how much time he would have to serve in prison as a sign that he took steps to remedy his allegedly "illegal" sentence and plea.  Petitioner, however, points to no actions he took in furtherance of his desire to challenge his sentence for approximately four years, when he finally filed his state court PCR application.  Petitioner thus has not shown that he has exhibited reasonable diligence, and as such has failed to show that he is entitled to equitable tolling.  As such, his petition is time barred and must be dismissed.[1]

## III.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of a state court proceeding unless he has "made a substantial showing of the denial of a constitutional right."  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Because Petitioner's petition is clearly time barred and jurists of reasons would not disagree with this Court's finding that equitable tolling is not warranted, and because Petitioner has not shown that his claims are sufficient to warrant encouragement to proceed further, this Court shall deny Petitioner a certificate of appealability.

---

[1] In the course of responding to this Court's orders, Petitioner has also shown that there is an additional problem with his petition: he has not exhausted the claim he seeks to bring.  Although Petitioner raised his current claims before the PCR trial court, he failed to raise them in his appeal therefrom, where he raised only a claim for ineffective assistance of PCR counsel.  (*See* Exhibit B to ECF No. 4).  As Petitioner has not moved this Court for a stay as of yet, that fact, too, would require the dismissal of his petition, albeit without prejudice.  *See, e.g., Heleva v. Brooks*, 581 F.3d 187, 190-93 (3d Cir. 2009).

**IV. CONCLUSION**

     For the reasons stated above, Petitioner's petition for a writ of habeas corpus is DISMISSED as time barred, and Petitioner is DENIED a certificate of appealability.   An appropriate order follows.

Dated: October 16, 2015                     _**s/ Susan D. Wigenton**_
                                          Hon. Susan D. Wigenton,
                                          United States District Judge